Dear Mr. Carlin:
This letter is rendered in response to your question asking:
 Whether McDonald County Missouri, a County of the Third Class, with a population of 14,970 persons, pursuant to the 1980 census report, may secure an assistant prosecuting attorney and cause the salary of the assistant to be paid from the county Treasury funds, or whether the salary would be paid from the funds provided for payment of the Prosecuting Attorney's salary.
Section 56.240, RSMo 1978, states:
 The prosecuting attorney in counties of the third and fourth classes may appoint one assistant prosecuting attorney who shall possess all the qualifications of a prosecuting attorney and be subject to all the liabilities and penalties for failure or neglect to discharge his duty to which prosecuting attorneys are liable. The appointment of the assistant prosecuting attorney shall be made in writing and filed by the prosecuting attorney, and such assistant prosecuting attorney shall take and subscribe to the oath or affirmation of office required of prosecuting attorneys, which appointment and oath or affirmation of office shall be filed in the office of the clerk of the circuit court of the county. The assistant prosecuting attorney shall discharge the duties of the prosecuting attorney when the prosecuting attorney is sick or absent from the county, or when the prosecuting attorney is engaged in the discharge of the duties of his office so that he cannot attend. In counties of the third class the assistant prosecuting attorney shall assist the prosecuting attorney in any case when requested to do so by the prosecuting attorney, but the former shall be disqualified from defending in any criminal case. The compensation of an assistant prosecuting attorney in third class counties shall be paid by the prosecuting attorney; except that, with the approval of the county court in a county of the third class which contains more than fifteen thousand inhabitants or in a county of the third class which contains part of a city of at least three hundred thousand inhabitants, an assistant may be paid out of the county treasury an annual salary not to exceed one-half the salary of the prosecuting attorney of that county. In counties of the fourth class the assistant prosecuting attorney shall be paid only by the prosecuting attorney and may assist the prosecuting attorney at his request in any case and the former shall not be disqualified from defending in any case, civil or criminal, except those in which he has acted as assistant prosecuting attorney. [Emphasis added.]
Section 454.405, RSMo Supp. 1983, states in part:
 1. Each county shall cooperate with the division in the enforcement of support obligations under the state plan by appropriating a sufficient sum of money for the offices of the prosecuting attorney and the circuit clerk to enable those offices to perform any duty imposed under this law or any other law with respect to the enforcement of support obligations or to the transmittal of support moneys to the division for deposit in the state treasury to the credit of the child support enforcement fund.
 2. For the purpose of utilizing the resources of the counties in the enforcement and collection of support obligations the director shall enter into cooperative agreements with county governing bodies, circuit courts, and circuit clerks and prosecuting attorneys. The contracts to be executed shall provide, as a minimum, for the following:
. . . ;
 (2) For the city or county, upon recommendation of the prosecuting attorney, to hire such additional assistant prosecuting attorneys as may be required to administer the child support enforcement program within that jurisdiction;
. . . ;
 3. The limitations set out in chapter 56, RSMo, regarding the salaries and the number of assistant prosecuting attorneys and the stenographic or administrative personnel shall not apply, and the county or city governing body shall appropriate sufficient funds to compensate such additional staff for implementing the provisions of the child support enforcement program. [Emphasis added.]
In Opinion No. 89, Tomlinson, 1950, copy enclosed, this office concluded that a predecessor of Section 1.100, RSMo 1978, governs the determination of population for purposes of a predecessor of Section 56.240, RSMo 1978. Accordingly, the 1980 census population figures became effective January 1, 1981.
We take notice of the fact that there is no city with a population of at least 300,000 in McDonald County and, under Section 1.100, RSMo 1978, the population of McDonald County is less than 15,000. Accordingly, the compensation of an assistant prosecuting attorney in McDonald County is to be paid by the Prosecuting Attorney.
The only part of the assistant's salary that must be paid by McDonald County is that part attributable to the assistant's child support enforcement duties. Section 454.405.3, RSMo Supp. 1983.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 89, Tomlinson, 1950